United States District Court
Southern District of Texas
**ENTERED**
April 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFTON AMMONS,<br>　　*Plaintiff/Counter-Defendant,*<br><br>v.<br><br>WILMINGTON SAVINGS FUND<br>SOCIETY, FSB AS TRUSTEE OF<br>FINANCE OF AMERICA STRUCTURED<br>SECURITIES ACQUISITIONS TRUST<br>2018-HB1,<br>　　*Defendant/Counter-Plaintiff.* | CIVIL ACTION NO. 4:22-CV-3164 |

## ORDER

Before the Court is the Motion for Summary Judgment (Doc. No. 20) filed by Wilmington Savings Fund Society, FSB, not individually but solely as Trustee of Finance of America Structured Securities Acquisitions Trust 2018-HB1 ("Wilmington"). No response has been filed and the time for doing so has long since passed.

### I.    The Allegations

Plaintiff Clifton Ammons ("Ammons") originally filed his case in state court. In his petition, he alleges that Wilmington filed an application of expedited foreclosure which resulted in a default order. The property in question was Ammons' homestead located at 3355 Street Rosedale, Houston, Texas 77004 (the "Property"). Ammons alleges that he had taken out a reverse mortgage on the Property in August 2006. He claims that he was not told that it was still his responsibility to pay the property taxes. When he fell behind on his payment of property taxes, Wilmington stepped in and paid them. As per the contract, Wilmington then sought reimbursement from Ammons. Ammons allegedly then entered into an agreement to reimburse Wilmington for its payments.

Wilmington denied most of the pertinent allegations made by Ammons and more specifically denied that he had complied with the terms of the loan or reimbursement agreements, including those terms that required him to maintain the taxes and insurance. As part of its answer, it filed a counterclaim. (Doc. No. 3). In that counterclaim, Wilmington alleges that Ammons executed an adjustable-rate mortgage in favor of Proficio Mortgage Ventures, LLC in the amount of $171,000. A corresponding deed of trust was also executed. Those documents were executed on or about August 30, 2013. Through various assignments, attached to the counterclaim, the note was eventually transferred to Wilmington.

According to Wilmington, Ammons defaulted on the note in 2018 due to nonpayment of taxes and insurance. On July 31, 2018, Wilmington sent Ammons notice of the default and of its acceleration of the note per its terms. The default was not cured, and the note was accelerated pursuant to Texas law on August 19, 2019. Based upon these allegations, Wilmington seeks to obtain a judgment of judicial foreclosure allowing it to enforce its lien as well as its attorney's fees which are a result of its participation in this action.

Ammons filed an answer to the counterclaim in which he admitted the execution of the loan documents but denied the remainder of the pertinent allegations. He also asserted multiple affirmative defenses, including fraudulent misrepresentation, statute of limitations, and statute of frauds.

## II.     Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*,

485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the court to the pertinent evidence, and its location, in the record that the party think are relevant. *Malacara v. Garber*, 353 F.3d 405 (5th Cir. 2003). It is not the duty of the court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Failure to Respond

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a response to a motion will be submitted to the judge within twenty-one (21) days after filing and that the failure to respond will be taken "as a representation of no opposition." Rule 7.4(a) plainly states that such responses must be filed by the submission date, which in this case, passed long ago.

Therefore, the local rules would allow the Court to grant Wilmington's motion as it should be considered unopposed. However, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of

3

motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (first citing *Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); then citing *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213-14 (5th Cir. 1980)). A non-movant's failure to respond to a motion for summary judgment does not entitle the movant to summary judgment. *Retzlaff v. de la Vina*, 606 F.Supp.2d 654, 656 (S.D. Tex. 2009) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). Instead, a court may accept the movant's evidence as undisputed and may enter a judgment in the movant's favor if summary judgment evidence establishes a *prima facie* showing of the movant's entitlement to judgment. *Id.* Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Defendant's motion for summary judgment would be improper. Accordingly, the Court will consider Defendant's evidence to be undisputed and address the merits of Defendant's arguments from its motion.

## IV.   Analysis

It is undisputed that Ammons did not pay the taxes and did not maintain (or at least provide proof that he was maintaining) appropriate insurance on the Property. The loan agreement put the burden to do both on Ammons. The agreement also provided in the event Ammons was non-compliant the lender could step in, make the appropriate payments, and then seek reimbursement and also foreclose and accelerate the note. When Ammons failed to pay the appropriate taxes, Wilmington or its predecessor stepped in and made those payments. Ammons then entered into an additional agreement to repay those advancements over a term of 40 months—with the last payment scheduled to be in December 2024. Ammons was also required to remain current with the taxes and to maintain the proper insurance. Ammons subsequently failed to comply with either the loan agreement and the reimbursement agreement by once again

failing to pay taxes and maintain insurance. Notice of default was given and the loan was accelerated. As of January 10, 2024, the amount owing was $151,319.67.

Wilmington now seeks summary judgment on the following issues. First, it claims that Ammons' "cause of action" for an accounting is not a recognized cause of action. Second, it seeks validation of the outstanding debt. Third, it seeks a judgment that would allow it to proceed with foreclosure in accordance with the loan documents and the Texas Property Code. The Court hereby grants all three requests.

### A.   Claim for an Accounting

Ammons has sought a declaratory judgment action for an accounting. The law is clear that once a case that seeks a declaratory judgment action under state law is removed to federal court, then it is converted to a claim under the federal Declaratory Judgment Act. 28 U.S.C. §§ 2201, 2202. The Declaratory Judgment Act gives a court the authority to declare rights and resolve the legal status among parties at interest but does not create a substantive cause of action. The Act provides only a form of relief. *Val-Com Acquisitions Tr. V. CitiMortgage, Inc.*, 421 Fed. App'x 398, 401 (5th Cir. 2011). Similarly, an accounting is an equitable (or sometimes legal or contractual) remedy, but it is not a cause of action. *Johnson v. Wells Fargo Bank, N.A.*, No. 3:13-CV-1793, 2014 WL 2593616 (N.D. Tex. June 9, 2014). Texas law is similar. TEX. CIV. PRAC. & REM. CODE § 37.002(b); *Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

Therefore, the Motion for Summary Judgment is hereby granted as to all the pleadings seeking a declaratory judgment and/or an accounting as the pleadings are not accompanied by an appropriately pleaded substantive cause of action.

B.     **Wilmington's Counterclaim on the Loan and Permission to Foreclose**

Wilmington also seeks a judgment that Ammons is in default on the loan in question and that foreclosure on the property is permissible. The elements to enable a lender to foreclose on a security instrument are well established. The lender must show that: (1) the debt exists; (2) it is secured by a lien created in compliance with Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Huston v. U.S. Bank Nat. Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 Fed. App'x 306 (5th Cir. 2014).

The uncontroverted evidence in this case establishes that Ammons executed the note in question and that Wilmington is the proper assignee to enforce the debt. Ammons also executed in conjunction with the note an "Adjustable-Rate Home Equity Conversion Deed of Trust" that created a valid lien on the property described as follows:

> LOT 14, BLOCK 1 OF HADEN TERRACE, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF, RECORDED IN VOLUME 1163, PAGE 145 OF THE DEED RECORDS OF HARRIS COUNTY, TEXAS

The evidence also establishes that this property description is commonly known as 3355 Rosedale Street, Houston, Texas 77004.

Finally, the summary judgment evidence establishes that Ammons failed to pay the taxes, maintain proper insurance, and that the loan is in default. The appropriate lending entity—Wilmington—sent a notice of default on July 18, 2018, and then sent a notice of acceleration on August 19, 2019.

Consequently, the movant herein has provided evidence of its compliance with all four elements establishing its right to foreclose. Ammons has not provided any evidence to the contrary. That being the case, the Court hereby finds Ammons to be in default and that Wilmington has established its right to foreclose as a matter of law.

The final piece needed to resolve this matter is to decide if Wilmington is the proper party to enforce the loan documents. A party has standing to foreclose on real property if it is the holder or the owner of the note. *J.W.D., Inc. v. Fed. Ins. Co.*, 806 S.W.2d 327, 329–30 (Tex. App. 1991). Wilmington has established that it is the holder of the note and thus has the power and the right to enforce it. It is entitled to proceeds as a mortgagee under Chapter 51 of the Texas Property Code. No evidence has been brought to the Court that raises a fact issue as to Wilmington's status. Therefore, the Court finds as a matter of law that Wilmington is the proper holder of a debt that is in default, and which is secured by a lien created pursuant to Texas law. Wilmington therefore has the right to foreclose.

## V.    Conclusion

The Court hereby grants Wilmington's Motion for Summary Judgment (Doc. No. 20) and finds that Ammons hereby takes nothing. The Court further finds that Wilmington is the proper entity to enforce the loan and security documents covering the Property and that it has a right to foreclose.

SIGNED this 30th day of April 2024.

Andrew S. Hanen
United States District Judge